# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| BELINDA COLLINS, GINA HAMILTON PAULA BAKER, JOHN SMITH, WILLIAM NIXON, WALTER HOLMES, ROBERT WEST, JR., and RODERICK JOHNSON, SR., | * * * * * * | |
| Plaintiffs, | * * | |
| vs. | * * | CV 209-093 |
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL 1423, GEORGIA STEVEDORE ASSOCIATION, SOUTH ATLANTIC & GULF COAST DISTRICT OF THE INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, and INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, | * * * * * * * * | |
| Defendants. | * * | |

**ORDER**

After this Court granted Defendants' Motions for Summary Judgment and entered judgment accordingly, Plaintiffs filed a Motion for Reconsideration. See Dkt. Nos. 247, 250. Plaintiffs advance two arguments for why this Court should reconsider its earlier order. Plaintiffs argue that "other evidence" is available to support their case and that their attorney provided

"insufficient advice." Dkt. No. 250. For the reasons stated below, Plaintiffs' Motion, Dkt. No. 250, is **DENIED**.

## DISCUSSION

"Reconsideration is appropriate only if [the moving party]: demonstrates: (1) an intervening change of law; (2) the availability of new evidence; and (3) the need to correct a clear error of law or prevent manifest injustice." Whitesell Corp. v. Electolux Home Prods., Inc., No. CV 103-050, 2010 WL 4025943, at *7 (S.D. Ga. Oct. 13, 2010). "In considering a motion for reconsideration, a court must balance the need for finality and judicial economy against the need to render just decisions." Id. Motions for reconsideration "should not be used to relitigate issues which have already been found lacking." Id. "[R]econsideration of an earlier order is an extraordinary remedy, which should be granted sparingly." Id. In the present case, neither of Plaintiffs' arguments warrant such extraordinary relief.

Depending on the timing of the motion, a motion for reconsideration is governed by either Federal Rule of Civil Procedure 59(e) or Rule 60. See Rivero v. Taylor, 465 Fed. App'x 839, 840 (11th Cir. 2012) (motions filed within twenty-eight days of the entry of judgment are governed by Rule 59(e), whereas later motions are governed by Rule 60). Because Plaintiffs' Motion was filed less than twenty-eight days after

2

the entry of judgment, Rule 59(e) governs. See Dkt. Nos. 248, 250.

The affidavits submitted by Plaintiffs in support of its Motion do not constitute the type of newly discovered evidence justifying reconsideration of an earlier order. See Rivero, 465 Fed. App'x at 840. While the affidavits are newly submitted, their contents are not new. Not only are the seven affidavits submitted after the summary judgment order essentially the same as each other, but they all restate, almost verbatim, what was already submitted to this Court as an "Affidavit of Belinda Collins" in opposition to Defendants' summary judgment motions. Compare Dkt. No. 226, Ex. 2, with Dkt. Nos. 255, 257, 258, 259, 260, 261, 262. "[A] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." Calle v. U.S. Attorney Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (quotations omitted).

Plaintiffs also submitted copies of additional call-back lists in support of their Motion. See Dkt. No. 251. However, these call-back lists do not remedy the numerous deficiencies this Court found in Plaintiffs' claims. See Dkt. No. 247 (granting summary judgment for multiple reasons, including failure to comply with statutory and contractual exhaustion requirements and failure to provide factual details as to

AO 72A
(Rev. 8/82)

specific instances of discrimination). The additional call-back lists are immaterial and Plaintiffs have not provided any reason why these documents were previously unavailable.

Furthermore, Plaintiffs claim that their counsel gave "insufficient advice" does not warrant reconsideration. "'Serious misconduct of counsel' may justify" reconsideration under Rule 59(e) if reconsideration is necessary to prevent "manifest injustice." Jacobs v. Elec. Data Sys. Corp, 240 F.R.D. 595, 600 (M.D. Ala. 2007). However, generally, attorney error is not a basis for amending an earlier judgment. See Revere v. McHugh, 362 Fed. App'x 993, 999 (11th Cir. 2010) (attorney's oversight in failing to respond to motion for summary judgment was not excusable neglect under Rule 60(b) to support motion for reconsideration); Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130 (11th Cir. 1986) (rejecting argument that "oversight" of counsel justified a Rule 60(b)(6) motion for reconsideration even though such a result "appear[ed] to penalize innocent clients"); Jacobs, 240 F.R.D. at 599-602 (considering attorney error under Rule 59(e) and Rule 60(b)). Plaintiffs fail to specify in any manner how their counsel erred. Because Plaintiffs submitted additional affidavits and call-back lists, it would seem that they feel their counsel erred by not submitting those documents earlier. However, as discussed above, that information had either already

AO 72A
(Rev. 8/82)

been submitted or had no bearing on this Court's grounds for granting summary judgment. See Dkt. No. 226, Ex. 2. In the absence of any details about counsel's alleged misconduct, this Court declines to grant the discretionary relief Plaintiffs request.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration, Dkt. No. 250, is **DENIED**.

**SO ORDERED**, this 30th day of January, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA